UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGELO VALDEZ,<br><br>Defendant. | Case No. 5:24-mj-00027-CDB<br><br>ORDER OF DETENTION PENDING REVOCATION HEARING |

Defendant Angelo Valdez was arrested in this district on a warrant issued by the district in which his case is pending – the United States District Court for the Northern District of California (the "charging district"), Case No. 3:22-cr-00468-MAG (N.D. Cal.) – pursuant to 18 U.S.C. § 3146 (failure to appear).

On June 4, 2024, Defendant appeared for an initial appearance in this Court, as the district of arrest, pursuant Federal Rules of Criminal Procedure 40 and 5(c)(3).

Defendant was advised of the charge set forth in the arrest warrant and the maximum penalty, of his right to counsel (noting that he has court-appointed counsel in the charging district), and of other rights, including his right to remain silent, to consular notification and to an identity hearing.

Having been so advised, and after conferring with counsel appearing specially for Defendant's Court-appointed counsel in the charging district, Defendant knowingly and

1 voluntarily waived any rights he had to an identity hearing and entered a plea of not guilty.
2 Counsel for Defendant requested a one-day continuance of further proceedings on the
3 government's motion for detention.  The Court reconvened with the parties on June 5, 2024, for
4 further proceedings.

5      At the continued proceedings, Defendant consented to proceed by videoconference
6 pursuant to Fed. R. Crim. P. 40(d).  Counsel for Defendant set forth his request that the Court
7 temporarily detain Defendant pending his transportation to the charging district for further
8 proceedings.

9      Pursuant to Rule 40(c), a court may modify any previous release or detention order issued
10 in another district but must state its reasons for doing so in writing.  Here, the motion for
11 detention by the government and Defendant's request to be temporarily detained pending his
12 transportation to the charging district would require a change – temporary revocation – of the
13 existing release order in the charging district.  *See, e.g., United States v. Turner*, 2023 WL
14 2401581, *2 (W.D.N.C. Mar. 8, 2023); *United States v. Garraway II*, 2022 WL 14752697, *1
15 (S.D. Tex. Oct. 25, 2022).  *Accord United States v. Martin*, 2022 WL 4370447, *3 (N.D. Tex.
16 Sept. 21, 2022).  Accordingly, as the undersigned informed counsel for Defendant during the
17 hearing, the Court enters this order memorializing its reasons for temporarily detaining
18 Defendant.

19      First, the Court relies on the fact that counsel for Defendant requested temporary
20 detention.  Second, the Court finds Defendant presents a serious risk of flight.  *See* 18 U.S.C §
21 3142(f)(2).  In particular, the docket in the charging district for Defendant's underlying criminal
22 case reflects he was ordered released on conditions following his initial appearance on November
23 28, 2023.  The docket further reflects that Defendant was absent from a bail review hearing on
24 December 11, 2023, at which his court-appointed attorney represented that Defendant was taken
25 into custody in San Mateo County on December 1, 2023 (*e.g.,* three days following Defendant's
26 release in the federal action).  The Court's review of publicly accessible court records for the
27 Superior Court of California – County of San Mateo, reveals that Defendant was charged in San
28 Mateo County on December 1, 2023, with various offenses, and convicted following jury trial on

March 7, 2024, of felony attempt to unlawfully take another's vehicle. Such conduct in flagrant violation of the mandatory condition of release that Defendant not commit new crimes unquestionably implicates the Defendant's propensity to abide by conditions requiring that he appear for future court proceedings

ACCORDINGLY, based on the totality of these considerations, the Defendant is remanded to the custody of the United States Marshal to be transported to the Northern District of California for further proceedings.

IT IS SO ORDERED.

Dated:   **June 5, 2024**         _____
UNITED STATES MAGISTRATE JUDGE